IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNIFIED HOLDINGS LLC, A Nebraska Limited Liability Company,** ) ) ) | **CASE NO. 8:07CV423** |
| Plaintiff, ) ) | **MEMORANDUM AND ORDER** |
| v. ) ) | |
| **OPTICAL PRODUCTS DEVELOPMENT CORP., A Delaware Corporation, and KENNETH WESTORT, an individual,** ) ) ) ) ) ) | |
| Defendants. ) | |

This matter is before the Court on the Plaintiff's Motions for Default Judgment (Filing Nos. 18 and 20), which are supported by the affidavits of Richard L. Johnson (Filing Nos. 19 and 21).

Plaintiff Unified Holdings LLC invokes the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, alleging that the amount in controversy exceeds $75,000, that it is a Nebraska Limited Liability Company[1], that the Defendant Optical Products Development Corp. is incorporated in Delaware and has its principal place of business in New York, and that Defendant Kenneth Westort resides in New York. Unified Holdings seeks damages for breach of contract, which contract is governed by the laws of the State of New York, and for fraudulent misrepresentation,

The record reflects that service of process was obtained on Defendants Kenneth Westort and Optical Products Development Corp. on or about March 20, 2008. (Filing Nos. 8 and 9). The Defendants have not answered or otherwise pled, have not filed any

---

[1] Plaintiff filed a Supplemental Jurisdictional Statement identifying the citizenship of the members of Unified Holdings LLC. (Filing No. 11).

documents in opposition to the Plaintiff's motion for default judgment, and have not appeared in this matter.  When a proper motion for default judgment is raised, a court will bind the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint.  See *Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) (citing *Taylor v. City of Ballwin,* 859 F.2d 1330, 1333 n. 7 (8th Cir. 1988)); Fed.R.Civ.P. 55(b)(2).

The Clerk has filed an entry of default in accordance with Rule 55(a) of the Federal Rules of Civil Procedure and Rule 55.1(a) of the Court's local rules. (Filing No. 16).  The motions for default judgment are supported by the Affidavit of Richard L. Johnson who represents to the Court that the Defendants are not infants or incompetent persons.  (Filing Nos. 19 and 21).

Having reviewed the record, I make the following findings.  The Court has jurisdiction over the subject matter of this case and personal jurisdiction over the parties.  The time within which the Defendants should have answered or otherwise responded to the Complaint has expired, no answer or other response has been filed, and the Defendants have made no appearance in this case. The allegations of the Complaint are taken as true, and the Plaintiff has complied with the requirements of NECivR 55.1(c)(1) & (2).  Accordingly, I conclude that the Plaintiff is entitled to judgment by default. Given the nature of the Plaintiff's claim for prejudgment interest, the Court must conduct an evidentiary hearing to determine the amount and/or rate of prejudgment interest to which Plaintiff is entitled and the date on which the cause of action that gives rise to the award of prejudgment interest arose.   *See, e.g., Nuera Communications, Inc. v. Telron Communications USA, Inc.,* No. 00-CV-9167, 2002 WL 31778796, at *3 (S.D.N.Y.

November 15, 2002).  Accordingly,

    IT IS HEREBY ORDERED:

1. The Plaintiff's Motions for Default Judgment (Filing Nos. 18 and 20) are granted, in part;

2. The Plaintiff is entitled to Default Judgment against the Defendants, which Judgment will be entered in a separate filing following a determination of the prejudgment interest, if any, to which the Plaintiff is entitled;

3. Plaintiff's counsel is directed to contact the undersigned's courtroom deputy, Ed Champion, by August 15, 2008, to schedule an evidentiary hearing on the Plaintiff's request for prejudgment interest; counsel should be prepared to estimate the amount of time necessary for the hearing;

4. Plaintiff's counsel is advised that because of the Court's time limitations, evidence should be submitted in the form of written affidavits or declarations; and

5. Plaintiff's counsel is directed to serve a copy of this order upon all named Defendants by United States mail and by any other means practicable to effect actual notice on all named Defendants of the Court's findings in this matter.

DATED this 6th day of August, 2008.

                                          BY THE COURT

                                          s/Laurie Smith Camp
                                          United States District Judge